[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The petitioner, by counsel has filed an amended motion for a writ of habeas corpus. The petition is based on a claim that his counsel was ineffective, and that he coerced the petitioner into pleading guilty so that the plea was not voluntarily made.
On July 2, 1998, in the Superior Court for the Judicial District of New Haven, the petitioner entered guilty pleas to one count of attempted sexual assault in the first degree in violation of C.G.S. §§ 53a-49a, and 53a-70a; and one count of sexual assault in the first degree in violation of C.G.S. § 53a-70a. He was sentenced on September 18, 1998, and in accordance with an agreed recommendation, received a total effective sentence of fourteen years suspended after seven years and ten years probation. Several other charges were nolled. He was represented by Attorney Christopher DeMarco. He is presently incarcerated serving the sentences imposed.
The petition makes three claims. Paragraph four alleges that
 4) The petitioner was denied effective assistance of counsel in violation of the sixth and fourteenth amendments of the U.S. Constitution and article first sec. eight of the Connecticut Constitution, when defense counsel allowed the defendant to plead guilty to violations of the above mentions statutes were the veracity of the two complaining witnesses was seriously in doubt in that:
 a) The victim of the attempted assault (known as "Dee") originally lied to the police when she said that money was not involved as payment for the sexual act, then changed her story and said she had agreed to a fee of $20 dollars.
 b) That "Dee" never reported the incident that took place in November of 1996 to the police and only spoke to the police for the first time in April of 1997 when the police approached her after they were given her name by the victim of the sexual assault.
 c) Both victims resided in the same building, and both shared the same last name, yet the victim of the sexual assault (Debbie) claimed that she did not know CT Page 1600 the victim of the attempted assault (Dee) until she was given her name by the petitioner during the sexual assault.
 d) In her sworn, fifteen page statement to the police, the victim of the sexual assault (Debbie) makes no mention of the defendant telling her that he knows the other victim (Dee) who lives in her building, until prompted by the police interrogator.
 e) The evidence suggests that the victim of the sexual assault (Debbie) was a prostitute, and known on the street as "Chocolate", who claimed rape when the defendant refused payment for the sexual act where there was no prior agreement for money.
The second claim is set forth in paragraph five and alleges that trial counsel was ineffective in failing to obtain potentially valuable impeachment evidence in the form of a report of a scientific examination of the clothing of the victim of the sexual assault.
The final claim is that the plea was not voluntary because counsel coerced him into pleading guilty.
"In order . . . to prevail on a constitutional claim of ineffective assistance of counsel, [the petitioner] must establish both (1) deficient performance, and (2) actual prejudice." Bunkley v. Commissioner ofCorrection, 222 Conn. 444, 445, 610 A.2d 598 (1992); Daniel v.Commissioner of Correction, supra, 57 Conn. App. 664. "Thus, he must establish not only that his counsel's performance was deficient, but that as a result thereof he suffered actual prejudice, namely, "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' Strickland v.Washington, supra, 466 U.S. 694." Daniel v. Commissioner of Correction, supra, 664.
"In Hill v. Lockhart, supra, 474 U.S. 57-58, the court determined that the [Strickland] two-part standard applies to claims arising from the plea negotiation process and that the same justifications for imposing the prejudice requirement in Strickland were relevant in the context of guilty pleas. Although the first half of the Strickland test remains the same for determining ineffective assistance of counsel at the plea negotiation stage, the court modified the prejudice standard . . . to require . . . the defendant [to] show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." (Internal quotation marks omitted.) CopasCT Page 1601v. Commissioner of Correction, supra, 234 Conn. 156; Daniel v.Commissioner of Correction, supra, 57 Conn. App. 664-65.
As indicated above, the petitioner must not only prove that his counsel's performance was inadequate, but also that if it were not for counsel's deficient representation, he would not have pleaded guilty, would have gone to trial, and either would have been acquitted or at least have received a lesser sentence than he received as a result of the guilty pleas. In the opinion of the court the petitioner has failed to prove either deficient performance or actual prejudice.
The petitioner was born on August 15, 1980, and was under the age of eighteen until a month before the sentencing. Therefore, his mother Cynthia Bethea was appointed as his guardian by the court and was with him in many of his meetings with Mr. DeMarco, when he pleaded guilty, and when he was sentenced.
Mr. DeMarco testified that he was aware of the matters which could bear on the credibility of the two victims, as set forth above, and that those subjects would have been used on cross examination of each of the victims. However, in view of other evidence in the cases, the strength of the state's cases, and the fact that the petitioner was exposed to sentences totaling about one hundred and five years if convicted on all of the charges pending against him, Mr. DeMarco felt that the offer of the state was reasonable and he recommended to both the petitioner and his mother that it be accepted. The court finds that the petitioner has failed to prove that trial counsel was ineffective as alleged in paragraph four of the amended petition.
The second claim of ineffective assistance of counsel has to do with counsel not obtaining a report of an examination of the assault victim's pants. The victim had claimed that she urinated during the assault and the purpose of the examination was to determine whether the pants showed any urine. Mr. DeMarco was of the opinion that the report was of little significance and was neither inculpatory or exculpatory. In the overall context of the two cases the court agrees. The petitioner has failed to prove that not obtaining this report amounts to ineffective assistance of counsel.
The final claim is that counsel coerced the petitioner into pleading guilty. The evidence in support of his claim came from the petitioner who testified that Mr. DeMarco "yelled" at him in urging him to accept the state's offer. This evidence was rebutted by Mr. DeMarco, not supported by his mother who was present during the plea discussions between counsel and her son, and is contradicted by the transcripts of the pleas canvass and the sentencing. The petitioner has failed to prove that his pleas CT Page 1602 were involuntary because of counsel's coercion.
In summary, the court accepts all of the testimony of Mr. DeMarco as factual and finds that the petitioner has failed to prove any of his allegations of ineffective assistance of counsel. As far as the second prong of actual prejudice is concerned, there was not a scintilla of evidence offered to show actual prejudice.
Accordingly, for the reasons set forth above, the amended petition for a writ of habeas corpus is dismissed.
Hadden, J.T.R.